MOORE *et al. v. NEW JERSEY LIGHTERAGE* Co. *et al.*

*(Superior Court of New York City, General Term.* May 6, 1889.)

1. CORPORATIONS—CALL ON STOCK—INJUNCTION.

   Where the directors make a call on the corporate stock, and threaten to forfeit under the charter the shares of those who refuse to respond, they will be enjoined from forfeiting such shares as are paid in full.

2. INJUNCTION—PRACTICE—MODIFICATION OF ORDER.

   Where it appears that plaintiffs, whose shares are paid in full, will not be injured by others acceding to the call, an injunction against its enforcement theretofore granted will be modified so as to restrain only proceedings against plaintiffs' shares.

Appeal from special term.

Action by Harrison B. Moore and others against the New Jersey Lighterage Company and John D. Keily, Jr., and others, directors of defendant corporation. From an order enjoining proceedings to enforce the terms of a certain call, defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Enos N. Taft,* for appellants. *Albert A. Abbott,* for respondents.

SEDGWICK, C. J. The defendant corporation is foreign, having been constituted by the statutes of New Jersey. I assume that the plaintiffs are residents of this state, and that the courts of this state have jurisdiction of the action. The appellants make no question as to the jurisdiction. The defendant corporation made a call upon its stockholders generally, including the plaintiffs, of $50 per share. In this call it was declared that any stockholder might assign to the corporation his shares, and that in such case the corporation would issue to him a certificate for one-half of the number of shares assigned, and the assignment should be in satisfaction of the call. The plaintiffs claimed in this action that such a call was not authorized by law, and was invalid, because the shares of the company had been before the call fully paid for, and were not assessable, and the corporation was not authorized by law to take anything but cash in payment for shares. It, however, appears that, if the plaintiffs were not liable to the threatened consequences of the call, they would not be injured by other shareholders acceding to the terms of the call. On the papers, the plaintiffs' shares have been fully paid for, and the call should not be enforced against them. The resolution directing the call specifically threatens to enforce it under its charter; that is, to proceed to forfeit the shares of those stockholders who do not fulfill the demands of the call. The plaintiffs have a right in equity to restrain an attempt to forfeit their shares. When this restraint is made, by the order of the court, they are fully protected against any injury that may come from the enforcement of the case against other shareholders. The order below should be modified by enjoining the defendants from proceeding to forfeit the plaintiffs' shares. The plaintiffs have an adequate protection at law against any action the corporation may bring for a money judgment upon the supposed obligations of the call. I do not think that the order of injunction is contrary to the provision of section 1809, Code Civil Proc.; but omitting the specific injunction against other directors than the one served will take the question out of the case. The order is modified as the opinion suggests, and, as modified, affirmed, without costs. All concur.